UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARYN JENNINGS and TRICIA HARDER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>USAA CASUALTY INSURANCE COMPANY and USAA GENERAL INDEMNITY COMPANY,<br><br>        Defendants. | No.  3:23-cv-6171<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[REMOVED FROM CLARK COUNTY SUPERIOR COURT, CAUSE NO. 23-2-03124-06]** |

TO:        The Clerk of the Court;

AND TO:    Caryn Jennings and Tricia Harder, Plaintiffs;

AND TO:    Jason T. Dennett and Cecily C. Jordan (Tousley Brain Stephens PLLC), Franklin D. Azar, Dezarae LaCrue, Michael D. Murphy, Timothy L. Foster, and Brian Hanlin (Franklin D. Azar & Associates, P.C.), Plaintiffs' Counsel of Record

PLEASE TAKE NOTICE that Defendants USAA Casualty Insurance Company ("CIC")

and USAA General Indemnity Company ("GIC") (collectively, "Defendants"), in accordance with

the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent

part at 28 U.S.C. §§1332(d), 1446, and 1453, hereby remove to this Court the lawsuit captioned

*Caryn Jennings and Tricia Harder v. USAA Casualty Insurance Co. and USAA General Indemnity*

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

*Company*, No. 23-2-03124-06, filed in the Superior Court of the State of Washington in and for the County of Clark (the "Action"). In support of this Notice of Removal, Defendants state:

## I. INTRODUCTION

1.      On November 16, 2023, Plaintiffs filed this Action on behalf of themselves and a putative class of plaintiffs. (*See Declaration of Kimberly Reppart,* which attaches the Complaints and Summonses served on Defendants as Ex. 3, as well as the Confirmations of Service of Process as Exs. 1 and 2.) Pursuant to 28 U.S.C. §1446(a), Defendants have filed with this Notice of Removal a copy of all process, pleadings, and orders served upon Defendants in the Action.

2.      Plaintiff Jennings alleges that she is a Washington auto insured of Defendant USAA CIC. Plaintiff Hardy alleges that she is a Washington auto insured of Defendant USAA GIC. Both Plaintiffs allege that they were injured in auto accidents in Washington and that they made claims for Personal Injury Protection ("PIP") and/or Medical Payments ("MedPay") medical expense benefits (hereinafter "PIP") under their Washington auto policies. (*See* Cmplt. ¶¶1-14, 70-77.) Plaintiffs assert that Defendants did not pay the full amount of their medical bills based on the results of certain medical bill review audits.

3.      Specifically, Plaintiffs assert, on behalf of themselves and a putative class (*see infra* ¶4), that Defendants improperly failed to pay the full amounts of their medical bills due to the following alleged practices and associated Reason Codes: (1) "reducing" PIP payments based on insureds' healthcare providers' participation in "preferred provider organizations" ("PPOs") or "preferred provider networks" ("PPNs") (*see, e.g.*, Cmplt. ¶6 ("PPO Codes")); (2) not paying all or portions of medical bills based on a peer review conducted by an outside physician (*see, e.g.*, *id.* ¶7 ("PR Codes")); (3) not paying medical bills on the ground that they were not related to an auto accident, when the insured's healthcare provider failed to indicate on a form that the treatment

1  was related to an auto accident (*see, e.g.*, *Id.* ¶8 ("GR Codes")); (4) not paying medical bills on the

2  ground that the diagnosis codes provided by the healthcare provider did not relate to auto accidents

3  (*see, e.g.*, *Id.* ¶9 ("RL Codes")); (5) denying payment of medical bills based on lack of proper

4  documentation substantiating the treatment (*see, e.g.*, *Id.* ¶10 ("DOC Codes")); and (6) "reducing"

5  medical bills because the fees billed were unreasonable compared to the charges of other providers

6  in the same geographic area for the same medical procedure (*see, e.g.*, *Id.* ¶11 ("RF Codes")).

7  Defendants deny these allegations.

8      4.     Plaintiffs bring this Action on behalf of the following putative class (*Id.* ¶¶79-80):

9          All persons (1) who were insured under the PIP and/or MedPay
           coverage of a Washington automobile insurance policy issued by
10         USAA; (2) who received  medical, health care, or rehabilitation
           services, or medication or equipment, from a health care provider;
11         (3) who made a claim under the PIP and/or MedPay coverage of that
           policy; (4) who submitted (or whose health care provider submitted)
12         to USAA a bill for such services or products; and (5) who had that
           bill reduced or denied by a PPO code; and/or a PR code and/or
13         Physician Review; and/or a DOC code; and/or a GR code; and/or an
           RL code; and/or an RF code (the "Class").

14
15         Excluded from the Class are USAA's officers, directors, affiliates,
           legal  representatives, employees, successors, subsidiaries, and
16         assigns. Also excluded from the Class are any judge, justice, or
           judicial officer presiding over this matter and the members of their
17         immediate families and judicial staff.

18     5.     Plaintiffs bring four claims.  Count I is for breach of contract.  Count II is for breach

19  of the covenant of good faith and fair dealing.  Count III is for declaratory relief.  Count IV is for

20  alleged violations of the Washington Consumer Protection Act, RCW 19.86, *et seq*. ("CPA").

21  (Count IV purports to be brought on behalf of Plaintiff Harder and the putative class.)

22

23

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

6.      Plaintiffs seek actual damages, statutory damages, treble damages under the CPA,[1] exemplary / punitive damages, disgorgement and/or restitution, declaratory relief that the alleged medical bill audit practices violate Washington law, an injunction prohibiting Defendants from engaging in these alleged practices, attorneys' fees and costs, prejudgment interest, and any other relief the Court deems just and proper.  (Cmplt. at 34-35.)

7.      As demonstrated below, this Action is removable pursuant to CAFA.  The Action is a "class action" within the meaning of 28 U.S.C. §§1332(d)(1)(A), (B), and 1453(a);[2] the removal is timely; there is diversity of citizenship between Plaintiffs and Defendants; there are at least 100 putative plaintiff class members; and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.[3]  *See Id.* §§1332(d)(2), (d)(5)(B), (d)(6), 1441, 1446, 1453.  CAFA was "enacted to facilitate adjudication of certain class actions in federal court" and should "be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (internal quotation omitted); *see also id.* ("[N]o antiremoval presumption attends cases invoking CAFA . . . .").

8.      Intradistrict Assignment:  This Action was originally filed in the Superior Court in and for the County of Clark, and is therefore removable to the Tacoma Division of this District.  *See* 28 U.S.C. §1441(a); LCR 3(e).  Defendants reserve, and do not waive, any objection they may

---

[1]Under the CPA, the exemplary / treble award is capped at $25,000 per claimant.  *See* RCW 19.86.090.
[2]The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §1332(d)(1)(B).  This Action is brought by Plaintiffs under the Washington class action rules on behalf of a putative plaintiff class.  This Action is therefore a "class action" within the meaning of CAFA.
[3]Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §1332(d)(6).

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1    have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

2        9.      Pursuant to LCR 101(b) and (c), Defendants will file the Attorney Verification of

3    State Court Record with a copy of all additional records and proceedings in the state court,

4    including the docket sheet.  Defendants will also file with the Superior Court a copy of this Notice

5    of Removal.

6                    II.  **TIMELINESS OF REMOVAL**

7        10.     Plaintiffs filed the Action on November 16, 2023.  *See supra* ¶1.  On November 20,

8    2023, Defendants' agent for service of process, CSC, was served with copies of the summonses

9    and Complaint.  (*See Reppart Decl.*, Exs. 1-2.)  This Notice of Removal is therefore timely.  *See*

10   28 U.S.C. §§1446(b), 1453.

11                  III.  **DIVERSITY OF CITIZENSHIP**

12       11.     This Action satisfies CAFA's requirements for diversity of citizenship.

13       12.     Under CAFA, complete diversity of citizenship no longer is required.  Instead,

14   CAFA requires only "minimal diversity":  "any member of a class of plaintiffs is a citizen of a

15   State different from any defendant."  *See Id.* §1332(d)(2)(A).

16       13.     In this Action there not only is minimal diversity, but complete diversity.  Plaintiffs

17   are citizens of the State of Washington.  (*See* Cmplt. ¶¶13-14.)  Defendant USAA CIC is citizen

18   of Texas:  it is a Texas corporation with its principal place of business in Texas.  Defendant USAA

19   GIC is also a citizen of Texas:  it is a Texas corporation with its principal place of business in

20   Texas.  (*See Id.* ¶¶15-16.)  Because Plaintiffs are Washington citizens, and Defendants are Texas

21   citizens, complete diversity exists.  Furthermore, because Defendants are not citizens of

22   Washington, no possible exception (discretionary or mandatory) to CAFA jurisdiction applies.

23   *See* 28 U.S.C. §§1332(d)(3), (d)(4)(A), (d)(4)(B).

Defendants' Notice of Removal – 5
Cause No.:  3:23-cv-6171

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4859-2206-8888, v. 1

## IV. <u>NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS</u>

14.     Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more.  *See* 28 U.S.C. §1332(d)(5)(B).

15.     Here, the number of putative plaintiff Class members is at least 100.  Plaintiffs allege that there are "thousands" of class members.  (Cmplt. ¶82.)  Although Defendants deny that the proposed Class and claims are proper, for purposes of this Notice Defendants agree that there are in excess of 100 putative Class members.  This CAFA requirement is therefore satisfied.

## V. <u>THE AMOUNT IN CONTROVERSY</u>

16.     Defendants dispute that Plaintiffs have stated any viable claims, and also dispute that Plaintiffs and the putative class members are entitled to any relief.  Nevertheless, it is evident from the allegations of the Complaint and the nature of Plaintiffs' claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs. *See, e.g.*, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

17.     First, Plaintiffs seek compensatory damages on behalf of all putative class members.  The total amount of PIP medical charges submitted by Defendants' Washington insureds that were reduced or denied from November 16, 2017 through the date the Action was filed[4] based on a "PR," "PPO," "GR84," "RL92," "DOC," or "RF" reason code is more than $10

---

[4]Plaintiffs assert that the class period is "the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations . . . ." (Cmplt. ¶81.)  The applicable statute of limitations for breach of contract is six years. *See* RCW §4.16.040.  Accordingly, the class period for purposes of this Notice of Removal is November 16, 2017 through November 16, 2023.

Defendants' Notice of Removal – 6
Cause No.:  3:23-cv-6171

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4859-2206-8888, v. 1

1  million.  In arriving at this figure, Defendants applied the standards set out in Plaintiffs' definitions

2  in Paragraphs 6-11 and 79-80 of the Complaint, and based their analysis on a review of their

3  electronically stored data that are regularly captured and stored contemporaneously in connection

4  with Defendants' medical bill audit process, and are made and kept in the regular course of

5  Defendants' business.

6       18.    CAFA's $5 million jurisdictional minimum is therefore easily satisfied by this

7  figure alone.  To this figure must be added to the amount in controversy the value of Plaintiffs'

8  claims for treble damages under the CPA, RCW 19.86.90; statutory attorneys' fees under the CPA

9  (*see, e.g.*, *Galt G/S v. JSS* Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); *Dawsey v. Travelers*

10  *Indem. Co.*, No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015)

11  (noting that Ninth Circuit has established 25% of common fund as "benchmark" for attorneys'

12  fees award)); declaratory and injunctive relief (*see, e.g., Gonzales v. CarMax Auto Superstores,*

13  *LLC*, 840 F.3d 644, 648 (9th Cir. 2016); and disgorgement and/or restitution, among other relief

14  sought (*see, e.g.*, *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1180 (9th Cir. 2013)).  The amount

15  in controversy is therefore well in excess of $5 million, exclusive of interest and costs.

16  //

17  //

18  //

19

20

21

22

23

Defendants' Notice of Removal – 7
Cause No.:  3:23-cv-6171

4859-2206-8888, v. 1

19.    Accordingly, this Action is removable under CAFA.

Dated this 20th day of December, 2023.

FORSBERG & UMLAUF P.S.

*s/ Kimberly A. Reppart*
Kimberly A. Reppart, WSBA #30643

*s/ Kara A. Tredway*
Kara A. Tredway, WSBA #44984
Forsberg & Umlauf, P.S.
901 Fifth Ave., Suite 1400
Seattle, WA  98164
Phone:  (206) 689-8500
kreppart@foum.law
ktredway@foum.law
*Attorneys for Defendants*

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4859-2206-8888, v. 1

1

## <u>CERTIFICATE OF SERVICE</u>

2        The undersigned certifies under the penalty of perjury under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the State of Washington, over the age of 18 years, not a party to or interested in the

5   above-entitled action, and competent to be a witness herein.

6        On the date given below I caused to be served the foregoing ***DEFENDANTS' NOTICE***

7   ***OF REMOVAL*** on the following individuals in the manner indicated:

8   Mr. Jason T. Dennett                    Mr. Franklin D. Azar
    Ms. Cecily C. Jordan                    Ms. DezaRae LaCrue
9   Tousley Brain Stephens PLLC             Mr. Michael D. Murphy
    1200 Fifth Avenue, Suite 1700           Mr. Timothy L. Foster
10  Seattle, WA  98101                      Mr. Brian Hanlin
                                            Franklin D. Azar & Associates, P.C.
11  *Attorneys for Plaintiffs*              14426 E. Evans Ave.
                                            Aurora, CO  80014
12  (X)  Via ECF and Email

13                                          *Attorneys for Plaintiffs*

14                                          (X)  Via Email

15        **SIGNED** this 20th day of December, 2023, at Seattle, Washington.

16                                          *s/ Carol M. Simpson*
                                            Carol M. Simpson

17

18

19

20

21

22

23

Defendants' Notice of Removal – 9
Cause No.:  3:23-cv-6171

4859-2206-8888, v. 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX