UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARYN JENNINGS et al., | CASE NO. 3:23-cv-06171-DGE |
| Plaintiffs, | ORDER ON MOTION TO AMEND CLASS CERTIFICATION DEADLINES (DKT. NO. 49) |
| v. | |
| USAA CASUALTY INSURANCE COMPANY et al., | |
| Defendants. | |

Presently before the Court is Plaintiffs' motion to extend certain class certification deadlines. (Dkt. No. 49.) For the reasons set forth below, Plaintiffs' motion is GRANTED.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs initiated this case by filing a class action complaint in the Clark County Superior Court on November 16, 2023. (Dkt. No. 1-1.) On December 20, 2023, Defendants removed this case to federal court. (Dkt. No. 1.) On May 24, 2024, the Court issued a scheduling order setting certain deadlines in this case. (Dkt. No. 39.) Relevant to this motion, the Court set January 15, 2025 as the deadline to complete discovery relevant to class

certification and February 3, 2025 as the last day to file a motion for class certification. (*Id.*) On May 31, 2024, the Court entered a stipulated agreement regarding discovery of electronically stored information ("ESI"). (Dkt. No. 41.)

On July 1, 2024, the parties exchanged ESI disclosures. (Dkt. No. 50-1.) Defendants' ESI disclosure included the following statement:

> This is one of several pending actions, in multiple states, in which individuals, represented by most of the Plaintiffs' attorneys in this case, have challenged, on behalf of putative state-wide classes, USAA's methods of adjusting of Personal Injury Protection ("PIP") and Medical Payments ("MedPay") claims, and in particular, USAA's Medical Bill Audit ("MBA") process. The allegations in those related cases are nearly identical to the allegations in this case. In the earliest filed of those cases, *Tomczak et al. v. USAA Cas. Ins. Co. et al.*, 5:21-cv-01564 (D. S.C.), USAA collected and produced voluminous documents, including ESI, concerning the MBA process (the "*Tomczak* Production"). The *Tomczak* Production comprises nearly all of the core documents relevant to the MBA process, and most of Defendants' nonprivileged ESI that is relevant and proportional to the needs of this case.
>
> Rather than duplicate the ESI collection, search, and review that resulted in the *Tomczak* Production, Defendants propose to produce in this case the *Tomczak* Production, with the exception of ESI and other documents and data that is specifically related only to the named plaintiffs in *Tomczak*, or specifically related only to South Carolina claims.

(*Id.* at 2–3.)

Defendants' disclosure provides a "description of the data sources that were searched to produce documents in *Tomczak* and the parameters that were used to perform those searches." (*Id.* at 3.) Defendants provided the names of two custodians whose email accounts were searched using the search parameters described in the ESI disclosure. (*Id.*) Defendants also described collection of electronic files from three shared network locations "identified as most likely to contain information relevant to the issues in this case." (*Id.*)

Plaintiffs were not satisfied with Defendants' ESI disclosure. On July 11, 2024, Plaintiffs sent Defendants a letter memorializing a meet and confer session held on July 2, 2024. (Dkt. No. 50-2.) Plaintiffs argued Defendants did not identify all known custodians likely to have discoverable ESI, as required by the ESI agreement,[1] but instead "simply listed the custodians and search terms Defendants utilized in the *Tomczak* case." (*Id.* at 2.) Plaintiffs argued there were many other individuals likely to have discoverable ESI, including the individuals listed in the parties' initial disclosures. (*Id.*) Plaintiffs also questioned whether Defendants adequately identified potential data sources. (*Id.* at 3–4.)

On July 22, 2024, Defendants responded to Plaintiffs' letter. (Dkt. No. 50-3.) Defendants argued that this case is one of several "substantially identical actions" Plaintiffs' attorneys are litigating against Defendants concerning challenges to certain aspects of the MBA process. (*Id.* at 2.) Defendants asserted that, "[b]ut for a couple additional challenged 'reason codes' and details specific to the named Plaintiffs in this case," the allegations in those related cases "are the same as the allegations in this case." (*Id.*) Defendants claimed that they had already collected and produced numerous documents, including ESI, concerning the MBA process in connection with the *Tomczak* case, and that these materials constitute "nearly all of the core documents relevant to the MBA process, and most of Defendants' nonprivileged ESI that is relevant and proportional to the needs of this case." (*Id.*) Defendants stated their intention to retrieve and produce additional materials relevant to this case, and argued they disclosed all data sources "likely to contain non-duplicative, relevant information and documents that are proportional to the needs of this case." (*Id.* at 2–3.)

---

[1] The ESI agreement provides that the parties shall disclose, within 30 days of the Court's entry of the agreement, "[t]he custodians most likely to have discoverable ESI in their possession, custody, or control." (Dkt. No. 41 at 2.)

ORDER ON MOTION TO AMEND CLASS CERTIFICATION DEADLINES (DKT. NO. 49) - 3

1        On August 23, 2024, Plaintiffs sent Defendants a letter asserting the data sources, custodians, and search terms identified in Defendants' July 22, 2024 letter were "woefully inadequate." (Dkt. No. 50-4 at 2.) Plaintiffs stated the 28 search terms Defendants utilized in the *Tomczak* case were inadequate to retrieve all documents responsive to Plaintiffs' request for production, and proposed an additional 23 search terms. (*Id.* at 2–3.) Plaintiffs demanded Defendants search "the entirety" of the email accounts of the two custodians identified by Defendants in their ESI disclosure using Plaintiffs' proposed search terms. (*Id.* at 3.) Plaintiffs further demanded Defendants search the email accounts of an additional 34 custodians using the proposed search terms, and also demanded Defendants identify and search appropriate custodians in several USAA departments. (*Id.* at 3–4.)

        On September 24, 2024, Defendants responded to Plaintiffs' proposals via email. (Dkt. No. 50-5.) Defendants reviewed Plaintiffs' proposal and ran a test, using the search terms proposed by Plaintiffs on the email accounts on two of the 34 individuals on Plaintiffs' list of additional custodians. (*Id.* at 2.) Defendants stated the search produced 22,427 documents for the first custodian and 27,463 documents for the second. (*Id.*) Defendants then pulled a random, statistically significant sample of those hits and reviewed the results for relevance, identifying only three relevant documents out of a random sample of 1,036 documents. (*Id.*) Defendants argued these results were "not surprising" because Plaintiffs' proposed custodians who have had "very little to do with the topics at issue in the litigation" and because Plaintiffs' proposed search terms "are facially overbroad and not tailored to return relevant content." (*Id.*)

        On November 8, 2024, Defendants sent Plaintiffs a letter asserting Defendants had made "substantial progress toward a supplemental collection and production of ESI" and that Plaintiffs now had "the lion's share of responsive documents and data in this case." (Dkt. No. 50-6 at 2.)

1    Defendants re-asserted their position that Plaintiffs' list of 34 custodians was overbroad, given

2    that many of these individuals "have little knowledge or information relevant to the issues in this

3    case." (*Id.*)  Despite this, Defendants, "solely to avoid protracted and expensive discovery

4    negotiations and disputes," agreed to collect ESI from all the custodians identified by Plaintiffs, a

5    process which Defendants had already begun and expected to complete "in the next several

6    weeks." (*Id.*)  Defendants informed Plaintiffs that performing searches for 34 additional

7    custodians using Plaintiffs' proposed search terms would produce "roughly one million docs

8    without families, and in the neighborhood of seven to eight million docs with families." (*Id.* at

9    3.)  Given the volume of documents involved, Defendants proposed using Technology Assisted

10   Review ("TAR") to perform Plaintiffs' proposed searches and attached a proposal for doing so.

11   (*Id.* at 3–4.)  Defendants advised Plaintiffs that, given the volume of ESI Defendants had been

12   collecting, and had yet to collect in response to Plaintiffs' requests, it could take "several

13   months" to complete document discovery.  (*Id.* at 6.)

14         On December 3, 2024, Plaintiffs provided Defendants with notice of six depositions to

15   take place in late December 2024 and early January 2025.  (Dkt. No. 50-7 at 2.)  Plaintiffs also

16   informed Defendants they wanted to take an additional nine depositions "in the next

17   45-60 days." (*Id.*)

18         On December 10, 2024, Plaintiffs sent Defendants a letter reducing their list of proposed

19   custodians from 34 individuals to 17.  (Dkt. No. 50-8 at 1.)  Plaintiffs did not respond to

20   Defendants' TAR proposal.  On December 16, 2024, Defendants responded to Plaintiffs' letter of

21   December 10, describing additional documents Defendants had produced and noting Plaintiffs'

22   lack of response to Defendants' TAR proposal.  (Dkt. No. 50-9 at 2–3.)  Defendants stated that

23   "[f]or whatever reason," Plaintiffs elected to wait more than one month to respond to

24

Defendants' November 8 letter "*agreeing to Plaintiffs' custodians and search terms, proposing the use of TAR, and requesting a conversation.*" (*Id.* at 5.) (italics in original). Defendants further stated that Plaintiffs' failure to respond to Defendants' TAR proposal made it unlikely that any additional ESI discovery could be accomplished before the discovery deadline. (*Id.*) On December 18, 2024, Plaintiffs responded to Defendants' letter of December 10, asserting Plaintiffs' delay in responding to Plaintiffs' August 23, 2024, ESI proposal was "far more inconsiderate" than any delays on Plaintiffs' part and stating they did not agree to the use of TAR. (Dkt. No. 50-10 at 2.)

On December 24, 2024, Plaintiffs filed the present motion to extend certain class certification deadlines. (Dkt. No. 49.)

## II. LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citations omitted). However, "if that party was not diligent, the inquiry should end" and the motion to modify the schedule should be denied. *Id.* "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6).

## III. DISCUSSION

Plaintiffs seek an extension of the class certification deadlines due to Defendants' "deficient and delinquent discovery productions" and "failure to run targeted custodial searches of relevant custodians pursuant to the ESI protocol for this case," which has left Plaintiffs

without necessary discovery.  (Dkt. No. 49 at 1.)  Plaintiffs argue modification of the case schedule is necessary to allow to parties to complete negotiations concerning ESI custodians and search terms, and for Defendants to produce discovery related to Plaintiffs' claims.  (*Id.*)  Plaintiffs argue discovery remains ongoing despite their diligence and that modification of the class certification deadlines is necessary so Plaintiffs will have discovery sufficient to support Plaintiffs' forthcoming class certification motion.  (*Id.* at 1–2.)

Plaintiffs argue they have made genuine efforts to seek discovery in an expeditious manner and engaged in good faith negotiations with opposing counsel over discovery disagreements.  (*Id.* at 7.)  Plaintiffs argue their inability to meet the current class certification deadlines is "solely a product of Defendants' attempts to drag their feet through discovery and refusal to produce case-specific documents according to the ESI protocols."  (*Id.*)  Plaintiffs seek to extend the class certification deadlines by approximately six months.  (*Id.* at 9.)

Defendants argue Plaintiffs have pursued discovery at "an inexplicably slow pace" and are seeking to blame Defendants for their own lack of diligence.  (Dkt. No. 52 at 1.)  Defendants cite Plaintiffs' decision to wait until December 2024 to notice or begin scheduling depositions, including for dates beyond the discovery deadline, and Plaintiffs' repeated delays in responding to Defendants' proposals concerning ESI discovery.  (*Id.*)  Defendants also note they have agreed "without qualification" to Plaintiffs' proposed search terms and custodians.  (*Id.*)

Here, the Court questions whether the parties have acted with sufficient diligence in pursuing discovery.  It seems much of the delay each side blames the other for could have been resolved by simply picking up a telephone, calling opposing counsel, and discussing the ESI protocol rather than sending letters, and waiting for a response; apparently each side waits approximately 30 days each time to respond to written correspondence.  The Court also

questions the decision to serve depositions notices shortly before the end of the discovery period and to schedule depositions, in some cases, for dates after the discovery deadline.[2]  The Court also notes the present motion to amend the class certification deadlines was filed on December 24, 2024.  (Dkt. No. 49.)  The motion was noted for consideration by the Court on January 10, 2025, five days before the close of discovery.  The Court further notes the parties have brought several discovery disputes before the Court towards the end of the discovery period, several of which are still pending.  (Dkt. Nos. 51, 59, 63, 64.)  The parties should be proactive in following-up with their discovery so as not to run into conflicts with the discovery cutoff.

Despite this, the Court finds it appropriate to grant an extension of the class certification deadlines so the parties may complete discovery.  To the extent Plaintiffs contend they need additional time to "complete negotiations" concerning ESI custodians and search terms, the evidence before the Court suggests the parties have reached agreement on these points, given that Defendants have agreed "without qualification" to Plaintiffs' proposed search terms and custodians.  The parties should be diligent in completing discovery and should already calendar any depositions the parties seek to conduct—in other words, do not wait until the last two months to reach out to the other side to schedule depositions.  The parties should not expect additional extensions absent extraordinary circumstances.

---

[2] Plaintiffs argue they are not at fault for failing to schedule depositions earlier because Plaintiffs have not yet received the documents requested from Defendants.  (Dkt. No. 57 at 3.)  Plaintiffs contend they did not begin receiving the documents produced in the *Tomczak* case from Defendants until October 2024.  (*Id.*)  Federal Civil Rule 26(d)(3) provides that, unless the court orders otherwise, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery."  While "[i]n a majority of cases, interrogatory and document discovery are completed prior to depositions . . . [ ] this is certainly not a hard and fast rule[.]"  *Hogan v. DC Comics*, Case No. 96–CV–1749, 1997 WL 570871, at *6 (N.D.N.Y. Sept. 9, 1997); *Teletel, Inc. v. Tel–Tel U.S. Corp.*, Case No. 99 Civ. 4811, 2000 WL 1335872, at *2 (S.D.N.Y. Sept. 15, 2000) (finding plaintiff's failure to produce its principals for depositions until the completion of document production to be unjustified).

## IV.  ORDER

Plaintiffs' motion to extend certain class certification deadlines (Dkt. No. 49) is GRANTED.  The new deadlines shall be as follows:

| Event | Current Deadline | New Deadline |
|---|---|---|
| Complete Discovery Relevant to Class Certification (excluding discovery regarding identity of putative class members) | January 15, 2025 | July 14, 2025 |
| Last day to file Motion for Class Certification, with expert reports, if any | February 3, 2025 | August 4, 2025 |
| Defendants to complete depositions of Plaintiffs' experts | April 3, 2025 | September 30, 2025 |
| Last day to file Opposition to Motion for Class Certification, with expert reports, if any | May 5, 2025 | November 3, 2025 |
| Plaintiffs to complete depositions of Defendants' experts, if any | July 3, 2025 | December 30, 2025 |
| Last day to file Reply to Motion for Class Certification | August 4, 2025 | February 2, 2026 |

Dated this 22nd day of January, 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO AMEND CLASS CERTIFICATION DEADLINES (DKT. NO. 49) - 9