1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARYN JENNINGS et al., | CASE NO. 3:23-cv-06171-DGE |
| Plaintiff, | ORDER DENYING MOTION FOR COSTS (DKT. NO. 76) |
| v. | |
| USAA CASUALTY INSURANCE COMPANY et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for costs. (Dkt. No. 76.) For the reasons discussed herein, Defendants' motion is DENIED.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2025, the Court held a hearing with the parties via Zoom concerning various discovery issues, including protocols for searching electronically stored information ("ESI") and the potential use of Technology Assisted Review ("TAR") in the discovery process. (Dkt. No. 69.) During the hearing, the Court advised the parties that there would be an in-person

ORDER DENYING MOTION FOR COSTS (DKT. NO. 76) - 1

hearing the following week, on February 7, 2025, to resolve outstanding issues. (*Id.* at 11.) The Court informed the parties that it wanted:

> decision makers here on discovery next Friday at 3:00, physically here in person. There is no cellphones. They are the people that are going to make the decisions. They are not calling co-counsel to figure out, oh, hey, they say this, they say that. I want the people that know about this case and know about the discovery issues going on. I want them here next Friday.

(*Id.* at 12.) The Court further advised the parties that:

> I want your TAR people and/or ESI discovery people, whatever that is that you are going to designate, to be part of our hearing next Friday because they likewise should be talking to each other and getting these down.

(*Id.* at 17–18.) At the end of the hearing, the Court made the following statement:

> Again, I want to warn you all, I want the attorneys here physically in the courtroom. I don't want cellphones. I don't want emailing. The people that are the decision makers on the 30(b)(6), the people that are the decision makers for the ESI need to be here. It is not, hey, let me call co-counsel and see if we all agree. No. I want the decision makers.

(*Id.* at 21.) On February 7, 2025, the Court held the scheduled discovery hearing. (Dkt. No. 75.) During the hearing, Defendants' counsel stated they had "moved heaven and earth" to have three of their eDiscovery experts physically present at the hearing, per the Court's order, whereas Plaintiffs did not bring their own experts. (*Id.* at 29.) The Court indicated that it would review the transcript from the January 30th hearing to determine whether it had ordered the parties' eDiscovery experts to be physically present at the hearing, and if so, whether Plaintiffs would be required to reimburse Defendants for expenses related to bringing Defendants' eDiscovery experts to the hearing. (*Id.* at 29–30.) On February 28, 2025, Defendants filed a motion for costs, seeking hearing-related travel expenses in the amount of $3,890.94. (Dkt. No. 76.)

ORDER DENYING MOTION FOR COSTS (DKT. NO. 76) - 2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court may impose sanctions on a party for failure to "to obey an order to provide or permit discovery[.]"  Pursuant to 28 U.S.C. § 1927, the Court may award excess costs, expenses, and attorney fees against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously."  Finally, district courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  The Court's inherent powers are "both broader and narrower than other means of imposing sanctions.  First, whereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses."  *E.E.O.C. v. Fry's Elecs., Inc.*, 287 F.R.D. 655, 658 (W.D. Wash. 2012), quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).  "Second, the imposition of sanctions under the inherent powers generally requires a finding of subjective bad faith or improper purpose."  *Id.,* citing *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

## III. DISCUSSION

Defendants argue the Court "clearly and unequivocally" ordered the parties to bring their eDiscovery/TAR experts to the February 7th hearing.  (Dkt. No. 76 at 5–6.)  Plaintiffs contend the Court's instructions did not explicitly require the attendance of experts at the hearing, and that they interpreted the Court's directive as requiring the presence of attorneys with knowledge of the relevant discovery issues, rather than non-attorney experts.  (Dkt. No. 77 at 1–2.)  Plaintiffs argue that to the extent they misinterpreted the Court's order, such a mistake does not constitute the bad faith necessary for the Court to impose sanctions under its inherent authority.  (*Id.* at 2.)

In its instructions, the Court believes it was reasonably clear that it wanted the parties' "TAR people and/or ESI discovery people" to be present at the February 7th hearing. Nevertheless, the Court acknowledges that its instructions, particularly its use of the term "decision makers," could have been clearer, and therefore finds it inappropriate to impose sanctions at this time. Accordingly, Defendants' motion (Dkt. No. 76) is DENIED.

Dated this 22nd day of April, 2025.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR COSTS (DKT. NO. 76) - 4