UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARYN JENNINGS et al., | CASE NO. 3:23-cv-06171-DGE |
| Plaintiffs, | ORDER ON MOTIONS TO SEAL |
| v. | (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) |
| USAA CASUALTY INSURANCE COMPANY et al., | |
| Defendants. | |

Before the Court are several motions to file various documents under seal pursuant to Local Civil Rule 5(g).  (Dkt. Nos. 99, 103, 104, 109, 120, 124, 131.)

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On November 16, 2023, Plaintiffs Caryn Jennings and Tricia Harder filed a class action complaint in the Clark County Superior Court alleging Defendants USAA Casualty Insurance Company and USAA General Indemnity Company (collectively "USAA") engaged in an improper scheme to deny first party personal injury protection ("PIP") and/or medical payments ("MedPay") owed to them under their USAA insurance policies.  (Dkt. No. 1-1.)  Plaintiffs

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 1

allege that instead of conducting an investigation into each bill for medical expenses submitted, USAA improperly delegated its insurance claims adjustment duties to the computer program of a third party, Auto Injury Solutions ("AIS"), that arbitrarily reduced or denied PIP and/or MedPay claims. (*Id.* at 2.) Plaintiffs contend USAA uses AIS's Medical Bill Audit ("MBA") process to improperly reduce and or/deny claims. (*Id.*) Plaintiffs argue the MBA process is largely automated and is designed to systematically deny or reduce the amount USAA pays for health care expenses based upon its treatment of various codes. (*Id.* at 2–5.)

On May 31, 2024, the Court entered a stipulated protective order (Dkt. No. 40) and a stipulated agreement (Dkt. No. 41) regarding discovery of electronically stored information. On August 4, 2025, Plaintiffs filed a motion for leave to file under seal unredacted versions of their motion for class certification and certain exhibits and expert reports. (Dkt. No. 86.) On September 11, 2025, the Court denied Plaintiffs' motion and granted Defendants leave to file a new motion to seal identifying in detail the basis for sealing/redactions no later than October 11, 2025. (Dkt. No. 98.)

On October 10, 2025, Defendants filed a motion to keep under seal the entirety of 11 documents, as well as unredacted versions of 16 documents or transcripts, filed by Plaintiffs as exhibits to their Motion for Class Certification. (Dkt. No. 99.) The same day, non-party CCC Intelligent Solutions Inc. ("CCC")[1] filed a motion to seal certain confidential information contained in briefs and exhibits filed by the parties in this case. (Dkt. No. 103.) Plaintiffs also filed a motion to maintain under seal unredacted versions of certain exhibits submitted in support of their motion for class certification. (Dkt. No. 104.) On October 23, 2025, Defendants filed a

---

[1] CCC is the successor entity to AIS. (Dkt. No. 105 at 4.)

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 2

motion for leave to seal an unredacted version of their motion for summary judgment, along with unredacted versions of certain exhibits.  (Dkt. No. 109.)

On December 4, 2025, Defendants filed a motion for leave to seal unredacted versions of Defendants' publicly filed and redacted exhibits to Defendants' motion to strike Plaintiffs' expert reports.  (Dkt. No. 120.)  On December 8, 2025, Defendants filed a motion to seal an unredacted version of Defendants' opposition to Plaintiffs' motion for class certification, along with unredacted versions of certain exhibits.  (Dkt. No. 124.)  On December 15, 2025, Plaintiffs filed a motion to seal unredacted versions of their opposition to Defendant's motion for summary judgment along with certain exhibits.  (Dkt. No. 131.)

## II.    LEGAL STANDARD

"There is a strong presumption of public access to the court's files."  Local Civil Rule 5(g).  "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents."  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted).  Although "access to judicial records is not absolute," there is a "strong presumption in favor of access."  *Id.*  "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 3

and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096–1097 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

A motion to seal a document must include a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if the relief sought is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient. Local Civil Rule 5(g)(3)(B).[2]

## III.    DISCUSSION

### A. Defendants' Motion to Seal (Dkt. No. 99)

Defendants argue their MBA process is unique, provides them a competitive advantage, and is a sensitive trade secret developed at significant expense. (Dkt. No. 99 at 3–4.) Defendants assert they have instituted extensive security precautions to ensure information related to this process and associated policies, procedures, guidelines and training are kept confidential. (*Id.* at 4–5.) Defendants contend they seek to seal only those documents or selected portions of documents that reveal their trade secrets or other sensitive proprietary information. (*Id.* at 6–7.)

      1. <u>Exhibit 6 to the Declaration of Cecily Jordan and Exhibit 34 to the Dave Jones Expert Report</u>

---

[2] Pursuant to Local Civil Rule 5(g)(3)(A), a motion to seal must include a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal. Six of the motions included the required certification. (Dkt. Nos. 103, 104, 109, 120, 124, 131.) Defendants' motion did not. (Dkt. No. 99.) However, because the documents Defendants and CCC seek to seal are substantially identical, and since the parties met and conferred with respect to CCC's motion, the Court finds any omission on Defendants' part to be harmless.

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 4

Defendants seek to seal a document referred to as the "Taxonomy" and a single paragraph on page 38 of the expert report of Dave Jones which quotes from the Taxonomy. (Dkt. Nos. 90-6; 91-35; 99 at 7; 99-3 at 39.)  Defendants state the Taxonomy was created by CCC and contains a list of business rules available for USAA to implement in its MBA process. (Dkt. No. 99 at 7.)  Defendants assert the Taxonomy describes the entire MBA process USAA has designed and implemented with CCC, and would, if revealed, act as a "playbook" for USAA's competitors to create and implement similar processes.  (*Id.* at 7–8.)

The Ninth Circuit has recognized that "'compelling reasons' . . . exist when [] 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  Courts in this circuit have found compelling reasons for sealing documents that contain information about a party's internal operations that could harm its competitive standing if revealed.  *See, e.g., In re Apple Inc. Device Performance Litig.*, Case No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Transperfect Glob., Inc. v. Motionpoint Corp.*, Case No. C 10– 2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations).

Here, the Court finds compelling reasons exist to maintain under seal information related to the Taxonomy given the potential harm revealing information about USAA's internal process for evaluating claims would have with respect to USAA's competitive standing.

2.    Exhibit 7 to the Dave Jones Expert Report

Defendants seek to redact several pages from the Rule 30(b)(6) deposition testimony of Caleb Bailey, a Lead Business Process Owner for USAA.  (Dkt. Nos. 91-8; 99 at 8–9.) Defendants contend Bailey's testimony concerned the individual rules that dictate how the MBA system processes specific bills.  (*Id.* at 8.)  Defendants argue publicly revealing this information would make it easier for individuals to defraud USAA and those it insures by circumventing measures USAA has put into place to avoid paying fraudulent or duplicate charges.  (*Id.*)  For the reasons discussed above, the Court finds compelling reasons to redact testimony concerning the details of USAA's claims processing system.  *See supra* Section III.A.1.

3.    Exhibits 3 and 26 to the Dave Jones Expert Report

Defendants seek to seal, in their entirety, the Master Services Agreement ("MSA") between USAA and AIS and the Amended and Restated Project Addendum for MBA Services. (Dkt. Nos. 90-3; 91-27; 99 at 9–12.)

Defendants assert USAA has contracted with CCC/AIS to provide services in support of USAA's MBA process for MedPay claims, and argue the MSA sets out in detail "processes, methods, and systems that are essential to the overall MBA program[.]"  (*Id.* at 9–10.) Defendants contend the MSA covers "in minute detail" important aspects of the MBA process and a wide variety of topics concerning the USAA-AIS relationship, including information security requirements critical for discouraging hackers and protecting USAA members' "confidential and protected personal information and personal health information, software licensing provisions, other technical requirements, dispute resolution procedures, termination provisions and procedures, indemnification provisions, and insurance requirements."  (*Id.* at 10–11.)

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 6

Courts in this circuit have found compelling reasons for sealing documents that contain similar business and financial agreements. *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2; *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, Case No. 23-CV-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal a document that contained "confidential business information regarding Defendants' license agreements."). Courts in this circuit have also found compelling reasons to seal documents that might compromise information security. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, Case No. 14–cv–03078–JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) ("[T]he Court finds a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems.") Here, Defendants have established compelling reasons to seal the MSA and the Addendum, which contain potential trade secrets and information that might compromise the parties' information security.

    4. <u>Exhibits 3 and 13 to the Declaration of Cecily Jordan, Exhibits 9, 10, 25, 27, 28 to the Dave Jones Expert Report, and Exhibits 6, 19, 20, 21 to the Zachary Warzel Expert Report</u>

Defendants seek to redact portions of these exhibits, which contain: 1) excerpts of the MSA; 2) the 2022 Amended and Restated Project Addendum for MBA Services; 3) detailed summaries of the contractual terms in the MSA; and 4) deposition transcripts in which the witnesses discuss specific contractual terms in the MSA. (Dkt. Nos. 90-3; 90-12; 91-10; 91-11; 91-26; 91-28; 92-7; 92-20; 92-21; 92-22; 99 at 12–13.) Defendants argue these documents reflect financial, pricing and other contractual terms of the MSA, as well as project addenda to the MSA and are sensitive for the same reasons as the MSA and Project Addendum. (Dkt. No. 99 at 13.)

The Court finds compelling reasons to seal excerpts of the MSA and the Addendum for the reasons stated above.  The Court also finds compelling reasons to seal these documents to the extent they contain sensitive financial and pricing information.  *Virun, Inc. v. Cymbiotika, LLC*, Case No. 8:22-cv-00325-SSS-DFMx, 2022 WL 17401698, at \*2 (C.D. Cal. Aug. 19, 2022) (collecting cases and noting courts in this circuit "have found potential harms arising from public disclosure of trade secrets of a business' confidential financial and pricing information to be sufficient reason to seal");  *Quidel Corp. v. Siemens Med. Solutions USA, Inc.*, Case No. 16-cv-3059-BAS-AGS, 2020 WL 1062949, at \*2 (S.D. Cal. Mar. 4, 2020) (finding compelling reasons to seal "confidential financial and pricing information").

> 5.  Exhibit 20 to the Declaration of Cecily Jordan, Exhibit 29 to Dave Jones Expert Report, and Exhibit 22 to the Zachary Warzel Report

Defendants seek to seal these exhibits, which contain: 1) the detailed pricing structure negotiated by USAA and CCC/AIS in the MSA; and 2) the specific pricing of services provided by CCC/AIS to USAA, along with payment history.  (Dkt. Nos. 91-30; 92-23; 99 at 14–15.) Defendants argue disclosure of these pricing terms would harm their competitive advantage in the insurance industry by disclosing information competitors could use to negotiate more favorable terms with CCC/AIS and/or other vendors to USAA's competitive disadvantage.  (*Id.* at 14.)  For the reasons discussed above, the Court finds compelling reasons to seal these exhibits, which contain confidential pricing information.  *See supra* Section III.A.4.

> 6.  Exhibits 10, 23, and 26 to Zachary Warzel Expert Report

Defendants assert these exhibits contain information concerning USAA's "Knowledge Delivery" system, a "playbook" which outlines USAA's MBA process and is used to train employees.  (Dkt. Nos. 92-11; 92-24; 92-27; 99 at 15–17.)  Defendants contend their Knowledge

Delivery System was developed at significant expense and provides them with a competitive advantage. (Dkt. No. 99 at 15.)

As discussed above, the Court finds there are compelling reasons to seal information concerning the MBA process. *See supra* Section III.A.1. The Court further finds compelling reasons to seal these exhibits to the extent they contain information used to train USAA employees. *See, e.g., HSBC Bank USA, Nat'l Ass'n v. Chi. Title Ins. Co.*, Case No. 2:18-cv-02162-MMD-DJA, 2023 WL 6723619, at *2 (D. Nev. Oct. 11, 2023) (finding compelling reasons to seal an insurance claims handbook which included "guidance on how to handle claims properly and efficiently," because "the more prepared claims adjusters are to handle claims effects how successful a title insurance company is").

7.   Exhibits 38 and 40 to Dave Jones Expert Report

Defendants seek to redact portions of PowerPoint slides that contain information regarding USAA's redesigned First Party Injury experience. (Dkt. Nos. 91-39; 91-41; 99 at 17.) Defendants assert these slides contain details concerning the new customer experience, an explanation of why the process was changed, and details about the specific changes to be implemented. (Dkt. No. 99 at 17.) Defendants argue these slides contain sensitive business plans and strategies that could be used by competitors "to erode USAA's competitive advantages in efficiency, customer satisfaction, and cost management." (*Id.*) The Court agrees, and finds compelling reasons to redact the relevant information. *In re Apple Inc.*, 2019 WL 1767158 at *2.

8.   Exhibit 25 to Zachary Warzel Expert Report

Defendants seek to seal a training slide deck provided to USAA adjusters to refresh their training on USAA's First Party Claims Process. (Dkt. Nos. 92-26; 99 at 18–19.) For the reasons

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 9

Case 3:23-cv-06171-DGE    Document 147    Filed 01/30/26    Page 10 of 15

discussed above, the Court finds compelling reasons to seal this exhibit.  *See supra* Section III.A.6.

### B.  CCC's Motion to Seal (Dkt. No. 103)

#### 1.  The Taxonomy

Non-party CCC seeks to maintain under seal certain excerpts of the "Taxonomy", the same document identified in Defendants' motion to seal.  (Dkt. Nos. 90-6; 91-35; 103 at 5–7.)  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Section III.A.1.

#### 2.  The MSA

CCC also seeks to seal the full MSA between CCC and Defendants.  (Dkt. No. 103 at 7–9.)  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Section III.A.3.

#### 3.  The MBA Project Addenda

CCC seeks to redact portions of excerpts MBA Project Addenda.  (Dkt. No. 103 at 9–10.)  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Sections III.A.3 and III.A.4.

#### 4.  Additional Exhibits

CCC moves to seal a training document for CCC's MBA process and an executive contract summary of the MSA between USAA and CCC's predecessor, AIS.  (Dkt. No. 103 at 10–11.)  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Sections III.A.4 and III.A.6.

#### 5.  Expert Reports and Briefs

CCC seeks parallel redactions to the Jones and Warzel reports be made because they

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 10

relate to other materials that CCC seeks to seal or redact.  (Dkt. No. 103 at 11–12.)  CCC attaches proposed redacted versions of these reports to its declaration.  (Dkt. Nos. 105-12; 105-13.)  For the reasons identified above, the Court finds compelling reasons to redact these documents in the manner requested by CCC.

### C.  Plaintiffs' Motion to Seal (Dkt. No. 104)

Plaintiffs seek to seal unredacted versions of certain exhibits that contain Plaintiffs' personally identifiable information, medical information, and descriptions of medical services and diagnoses.  (Dkt. Nos. 90-1; 90-7; 90-11; 90-14; 90-15[3]; 104.)  Courts in the Ninth Circuit have recognized "the need to protect medical privacy" qualifies as a compelling reason for sealing records because a person's medical records "contain sensitive and private information about their health."  *Aguilar v. Koehn*, Case No. 3:16-CV-0529-MMD-CBC, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018) (collecting cases).  Courts have similarly found compelling reasons to seal personally identifying information, such as names, addresses, phone numbers, and email addresses.  *UnifySCC v. Cody*, Case No. 5:22-cv-01019-BLF, 2024 WL 4752092 at *2 (N.D. Cal. Oct. 24, 2024) (collecting cases).  The Court has reviewed the exhibits cited by Plaintiffs, which do appear to contain sensitive personal and medical information.  The Court therefore finds compelling reasons to maintain these documents under seal.

### D.  Defendants' Motion to Seal Unredacted Motion for Summary Judgment and Exhibits (Dkt. No. 109)

Defendants move to file under seal an unredacted version of their motion for summary judgement along with various exhibits attached to the motion and to the declaration of Caleb

---

[3] This exhibit, cited in Plaintiffs' motion, appears to be an excerpt of a deposition of Kristina Newman.  The correct exhibit appears to located at Dkt. No. 90-13, and the Court will grant Plaintiffs' motion as to this exhibit.

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 11

Bailey.  (Dkt. No. 109.)  Defendants seek to file unredacted versions of these documents under seal because the redacted excerpts contain: 1) Plaintiffs' medical and personal identifying information, and 2) Plaintiffs' USAA member numbers.  (*Id.* at 2–7.)  While Defendants have not yet filed unredacted versions of these documents for the Court's review, the redacted sections appear to contain sensitive personal and medical information.  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Section C.

**E. Defendants' Motion to Seal Unredacted Exhibits to Defendants' Motion to Strike Expert Reports (Dkt. No. 120)**

Defendants seek to file under seal materials designated as confidential pursuant to the protective order entered in this case along with unredacted versions of redline comparisons between Plaintiffs' expert reports filed in this case and another case filed in South Carolina, both of which quote from "proprietary, commercially sensitive business information[.]"  (Dkt. No. 120 at 1–2.)  Defendants contend the information they seek to seal in the redline comparisons is the same information Defendants sought to seal in the expert reports of Dave Jones and Zachary Warzel, specifically excerpts of the Taxonomy and terms of the MSA.  (Dkt. Nos. 99; 120 at 6–7.)  Defendants also seek to seal Plaintiffs' medical and personal identifying information.  (*Id.* at 5.)  For the reasons identified above, the Court finds compelling reasons to maintain these documents under seal.  *See supra* Sections A and C.

**F. Defendants' Motion to Seal Unredacted Opposition to Plaintiffs' Motion for Class Certification and Exhibits (Dkt. No. 124)**

Defendants further seek to maintain under seal an unredacted version of Defendants' publicly filed and unredacted Opposition to Class Certification, along with unredacted versions of exhibits containing Plaintiffs' medical and personal identifying information.  (Dkt. No. 124 at

2–4.)  For the reasons discussed above, the Court finds compelling reasons to maintain these documents under seal.

### G.  Plaintiffs' Motion to Seal (Dkt. No. 131)

Plaintiffs move for leave to seal unredacted versions of their opposition to Defendants' motion for summary judgment together with certain exhibits filed in support of that opposition. (Dkt. No. 131.)  Plaintiffs argue the materials they seek to seal are subject to a pending motion to seal (Dkt. No. 99) contain confidential medical information, personally identifying information, and other sensitive non-public material regarding Plaintiffs.  For the reasons discussed above, the Court finds compelling reasons to maintain this information under seal.

## IV.    ORDER

The Court hereby orders that:

    1)  Defendants' motion to seal (Dkt. No. 99) is GRANTED.

    2)  CCC's motion to seal (Dkt. No. 103) is GRANTED.

    3)  Plaintiffs' motion to seal (Dkt. No. 104) is GRANTED.

    4)  Defendants' motion to seal (Dkt. No. 109) is GRANTED.

    5)  Defendants' motion to seal (Dkt. No. 120) is GRANTED.

    6)  Defendants' motion to seal (Dkt. No. 124) is GRANTED.

    7)  Plaintiffs' motion to seal (Dkt. No. 131) is GRANTED.

\\

\\

\\

\\

\\

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 13

The following table summarizes which documents shall remain under seal and their corresponding redacted versions:

| Document | Unredacted Version under seal filed at: | Redacted Version filed at: |
|---|---|---|
| The Taxonomy and a single paragraph on page 38 of the expert report of Dave Jones which quotes from the Taxonomy | Dkt. Nos. 90-6; 91-35 | N/A – Entire Document Sealed |
| Exhibit 7 to the Dave Jones Report - Rule 30(b)(6) deposition testimony of Caleb Bailey | Dkt. No. 91-7 | Dkt. No. 99-3 |
| Exhibits 3 and 26 to the Dave Jones Expert Report - Master Services Agreement and Amended and Restated Project Addendum for MBA Services | Dkt. Nos. 90-3; 91-27 | Dkt. Nos. 105-4; 105-5; 105-6;105-7 – Exhibits 4, 5, 6, 7 |
| Exhibits 3 and 13 to the Declaration of Cecily Jordan, Exhibits 9, 10, 25, 27, 28 to the Dave Jones Expert Report, and Exhibits 6, 19, 20, 21 to the Zachary Warzel Expert Report | Dkt. Nos. 90-3; 90-12; 91-10; 91-11; 91-26; 91-28; 92-7; 92-20; 92-21; 92-22 | N/A – Redacted Versions Not Yet Filed |
| Exhibit 20 to the Declaration of Cecily Jordan, Exhibit 29 to Dave Jones Expert Report, and Exhibit 22 to the Zachary Warzel Report | Dkt. Nos. 91-30; 92-23 | N/A – Entire Document Sealed |
| Exhibits 10, 23, and 26 to Zachary Warzel Expert Report | Dkt. Nos. 92-11; 92-24; 92-27 | N/A – Entire Document Sealed |
| Exhibits 38 and 40 to Dave Jones Expert Report | Dkt. Nos. 91-39; 91-41 | N/A – Redacted Versions Not Yet Filed |
| Exhibit 25 to Zachary Warzel Expert Report | Dkt. No. 92-26 | N/A – Entire Document Sealed |
| Training document for CCC's MBA process and executive contract summaries | Dkt. Nos. 90-5; 92-12; 92-22 | Dkt. Nos. 105-7; 105-9; 105-10; 105-21 |
| Dave Jones Expert Report | N/A – Unredacted Version Not Yet Filed | Dkt. No. 105-12 |
| Zachary Warzel Expert Report | N/A – Unredacted Version Not Yet Filed | Dkt. No. 105-13 |
| Personally identifiable information, medical information, and descriptions of medical services and diagnoses | N/A – Unredacted Versions Not Yet Filed | Dkt. Nos. 90-1; 90-7; 90-11; 90-13; 90-14 |
| Motion for Summary Judgment and Related Exhibits | N/A – Unredacted Versions Not Yet Filed | Dkt. Nos. 110; 111 |
| Opposition to Class Certification | N/A – Unredacted Versions Not Yet Filed | Dkt. No. 122 |

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 14

| Opposition to Defendants' Motion for Summary Judgment | Dkt. No. 134 | N/A – Redacted Version Not Yet Filed |
| --- | --- | --- |

Each document identified in the table above should have an unredacted version filed under seal and a redacted version filed, unless the entire document was allowed to be filed under seal.  Accordingly, the Parties shall file under seal within 10 days of the entry of this order all unredacted documents and redacted versions identified as missing in the table above.

Dated this 30th day of January, 2026.



David G. Estudillo
United States District Judge

ORDER ON MOTIONS TO SEAL (DKT. NOS. 99, 103, 104, 109, 120, 124, 131) - 15